# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAAC BRIGGS, aka JOSEF DUPREE, Inmate #B73562, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 05-266-DRH ) ) |
| ROBERT R. DIXON, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against defendants Torba, Valentine, Kourakis, Tallen, Shoub, Pagen, and Rastetter for conspiring to unlawfully prosecute and incarcerate him.

**COUNT 2:** Against unspecified defendants for violating the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution.

      **COUNT 3:**    Seeking a writ of mandamus to compel the Immigration and Naturalization Service to compensate Plaintiff and his wife for "hindering their progress as an American family."

      **COUNT 4:**    Seeking a declaratory judgment in Plaintiff's Illinois state habeas action.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that Defendants Tonya Pagan and Ms. Rastetter incorrectly identified him as the individual who robbed or burglarized a business in Chicago, Illinois. He further states that Defendants Gina Torba and Dennis Valentine, Chicago Police Officers, lied to the grand jury about his involvement in the crime, that Chicago Police Detective Shoub, lied in a police report about the incident. Plaintiff states that Chicago Police Detectives Kirk Kourakis and Stuart Tallen along with Pagan, Rastetter, Torba, Valentine, and Shoub conspired to unlawfully prosecute and incarcerate

him. He further states that the law firm of Jenner & Block (presumably his appointed counsel) failed to properly investigate his criminal case and failed to secure a preliminary hearing record.

Plaintiff cannot bring these claims seeking damages here regarding his arrest and conviction without first showing that his criminal sentence has been invalidated through state court or federal habeas proceedings.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing

any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.

Based on Plaintiff's failure to state how or even whether his conviction has been invalidated, the claim is *Heck*-barred. Accordingly, this claim is **DISMISSED with prejudice** from the action.

### COUNT 2

As to this claim, Plaintiff merely lists a number of grievances that he filed between 2003 and 2005 at Menard Correctional Center. Taken alone, these grievances do not provide a sufficient basis for stating a constitutional claim. To the extent that Plaintiff is attempting to state a due process violation in the administration of the grievance procedure at Menard, that claim fails. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

However, the Court believes that Plaintiff is attempting to assert the underlying issues grieved as constitutional claims under section 1983. This attempt is flawed for two reasons. First, Plaintiff was instructed on the form complaint which he used to bring his claim, to state on the form the facts of his case, specifically including, "who, what, when, where and how you feel your constitutional rights were violated." Plaintiff did not do this, and as mentioned above, he merely listed the grievances he filed at Menard. Second, and ultimately fatal to the claims, is the fact that Plaintiff does not link any of the named defendants to any specific claims regarding these grievances. The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are

required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, this Count is **DISMISSED** from the action **without prejudice**.

## COUNT 3

In a separate document filed at the same time as the original complaint, Plaintiff sought a writ of mandamus to compel the Immigration and Naturalization Service ("INS") to grant permanent resident status to his wife (Doc. 3). On October 5, 2005, Plaintiff filed a motion to amend his mandamus petition (Doc. 9), stating that the INS had recently granted permanent residency to his wife, and that a writ of mandamus to compel such status was no longer necessary. Plaintiff, however, amended his petition and now seeks a writ of mandamus to compel the INS to "grant the Briggs restitution of a respectable monetary award for hindering their progress as an American family."

> Under 28 U.S.C. § 1361, the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This grant of jurisdiction, however, has been substantially limited in scope under the decisions of this Circuit. Specifically, this Circuit has recognized that

> mandamus is an "extraordinary remedy" and, as such, may be invoked only when there is:
>
> (1) a clear right to the relief sought;
>
> (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and
>
> (3) no other adequate remedy available.
>
> *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir.1987) (*quoting Homewood Professional Healthcare Center, Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir.1985)); *see also Save the Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir.1978) (It is manifest that the judiciary cannot compel through a writ of mandamus a federal official to perform any function unless the official is clearly directed by law to perform such a duty).

*Scalise v. Thornburgh*, 891 F.2d 640, 647-648 (7th Cir. 1989), cert. denied, 110 S.Ct. 1815 (1990).

Under the third criteria, Plaintiff has an adequate remedy available to him. Tort claims for money damages against the United States and its agencies are governed by the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 2671-2680. A claim under the FTCA, however, cannot be brought in a district court until a plaintiff has exhausted the administrative-level remedies available.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Furthermore, Plaintiff has not established any right, much less a clear right, to the relief sought, or a duty by the defendant to do the act in question. As such, Plaintiff has not met the strict

standards required before the Court can issue a writ of mandamus. Accordingly, Plaintiff's request (Doc. 9) is **DENIED**, and the claim is **DISMISSED** from the action with prejudice.

### COUNT 4

Petitioner also seeks a declaratory judgment (Doc. 9) against the 20th Judicial Circuit Court of Randolph County of Illinois. Plaintiff states that in February 2005, he filed in the Circuit Court of St. Clair County a petition for a writ of habeas corpus. That court transferred his case to the Circuit Court of Randolph County, where Menard Correctional Center is located. Plaintiff states that since that transfer, respondent Alan Uchtman has not yet filed a response. Plaintiff states that he has filed a motion for default judgment based on the failure to respond, but that the state court has not yet ruled on the motion. The Illinois court of appeals denied Plaintiff's petition for an interlocutory appeal. Plaintiff asks the Court in the instant case to award an injunction against the state court or to grant some kind of declaratory relief in his state habeas action.

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Bruken v. Lance*, 807 F.2d 1325, 1330 (1986) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1982)). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (*citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37, (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir.1998)).

Based on these standards, Plaintiff's request for equitable relief against the state court (Doc.

9) is **DENIED** and the claim is **DISMISSED** from the action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, Counts 1, 3, and 4 of this action are **DISMISSED** with prejudice. Count 2 is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** November 21, 2005.

/s/     David RHerndon
**DISTRICT JUDGE**