IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ISAAC BRIGGS, aka JOSEPH DUPREE,** **Inmate #B73562,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) ) |
| **ROBERT R. DIXON,** *et al.***,** | ) ) |
| **Defendants.** | ) |

CIVIL NO. 05-266-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On November 21, 2005, this action was dismissed pursuant to 28 U.S.C. § 1915A. This action comes before the Court on Plaintiff's motion for a certificate of appealability (Doc. 13). A plaintiff in a civil action pursuant to 42 U.S.C. § 1983 need not obtain a certificate of appealability prior to appealing a ruling of the district court. As such, this motion should be denied as moot.

In the body of the motion, however, Plaintiff states that he "is respectfully requesting this Court to convene a rehearing to reverse and modify the rulings to summarily dismiss with prejudice Count 1 . . . and Count 4" of his complaint. As such, the Court will construe this motion as one seeking reconsideration of the Court's order dismissing the case.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases

where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question was entered in this action on November 21, 2005, but the instant motion was not filed until January 6, 2006, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff reiterates the arguments stated in his complaint. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion

is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: January 20, 2006**

                                         /s/   David R Herndon
                                         **DISTRICT JUDGE**