## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Isaac Briggs
(a/k/a Josef Dupree)
Reg. No. B-73562
                    Plaintiff/Petitioner(s),

-vs-

Robert R. Dixon, Kyle D. Hess, Casey
M. Ward, Timothy Morris, Tina Bearden,
Minh T. Scott, Kelli Ellis, Larry Hale I, Michael
Locke, Martin Tovar, Mr. Bush, Mr. Maud, Mr. Mifflin,
Immigration & Naturalization Defendant/Respondent(s).
Services & Brodhearb & Vasquez.

Docket No. 05-CV-266-DRH (Reinstated)
(To be supplied by the Clerk)  AS
AMENDED.

☒ **CIVIL RIGHTS COMPLAINT**
pursuant to 42 U.S.C. §1983
(State Prisoner)

☐ **CIVIL RIGHTS COMPLAINT**
pursuant to 28 U.S.C. §1331
(Federal Prisoner)

☒ **CIVIL COMPLAINT**
pursuant to the Federal Tort Claims
Act, 28 U.S.C. §1346, 2671-2680

### I.   JURISDICTION

A.   Plaintiff's mailing address and/or register number and present place of confinement.

Pinckneyville Correctional Center
P.O. Box 999, Pinckneyville, Illinois 62274

B.   Defendant ___Robert R. Dixon___ is employed as
(Name of First Defendant)
___Correctional Officer___
(Position/Title)
with ___Illinois Department of Corrections - Menard Medium___
(Employer's Name and Address)
Security Facility, P.O. Box 711, Menard, Illinois 62259

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)          No ( )

If your answer is "yes", briefly explain:
Mr. Robert R. Dixon was working as a Correctional
Officer for the State of Illinois' Department of Corrections,
at the Menard Medium Security Unit - X House/Wing D.

Rev. 2/00

C.   Defendant _____Kyle D. Hess_____ is employed as
(Name of Second Defendant)
Correctional Officer
(Position/Title)
with Illinois Department of Corrections Menard Maximum
(Employer's Name and Address)
Security Facility, P.O. Box 711, Menard, Illinois 62259

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X)         No ( )

If your answer is "yes", briefly explain:
Mr. Kyle D. Hess #3770 was working as a Correctional Officer for the State of Illinois' Department of Corrections, at the Menard Correctional Center - Housing Unit R1.

D.   Using the outline of the form provided, include the above information for any additional defendant(s).
Mr. McDaniel, Mr. Veath, Krista L. Schorn, Mr. Albert, Mr. Purtle, Andrew Wilson, Craig Mitchell, Mr. Korando, Mr. Wine, Ronald Meek, N. Pitts, Mr. Martin, Charles Hinsley, Eugene McAdory, Alan Uchtman, Mr./Ms. Maue, William Spiller, Patricia Lucas, Pamela Grubman, Dr. Chapman, Wexford Health Svcs., R. McTaggart, Debi Middendorf, Richard Moore, Tyrone Murray, Terri Anderson, Jackie Miller, Roger E. Walker Jr., Mr. Forsting, Mr. N. Schwarz, Ms. Owens, Mr. D. Heinrich, Mrs. Linda Goforth, Ms. Howie, Mr. Hartman, Mr. P. Peek, Mr. Grant, Federico Fernandez, Thomas L. Grace, Kenneth G. Bartley, Mr. Carriker, D. Sanders, J. Townley, Mr. Green, Ms. Stewart, Mr. Pursell, Mr. Blades, Mr. Cleland, Teresa Kirro, Colleen Rennison & Illinois Department of Corrections, and American Federation of State, County, and Municipal Employees: R. Cowan & Mr. McTheiS, Mr. Mauo and Mr. Henry.

II.   **PREVIOUS LAWSUITS**

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (X)         No ( )

B.   If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**
On January 30, 2006, I filed an Injunction-Complaint in the 7th Judicial Circuit Court of Sangamon County, Illinois, seeking placement in to Work & Day Release program of Illinois' Corrections. The Circuit Court dismissed it on May 12, 2006. Now the Injunction-Complaint is currently under Briefing Schedule in the Illinois Court of Appeals - 4th District. Presumably, this matter shall be adjudicated by December of 2006.

Rev. 2/00                          - 2 -

1. Parties to previous lawsuits:
Plaintiff(s) _Isaac Briggs (a/k/a Josef Dupree)_
_Register No. B73562_

Defendant(s) _Roger E. Walker Jr., Director_
_for the Illinois Department of Corrections in_
_Springfield, Illinois 62794_

2. Court (if Federal Court, name the District; if State Court, name the County)
_Seventh Judicial Circuit Court for Sangamon County, Illinois_

3. Docket number _06-MR-47._

4. Name of Judge to whom case was assigned _Honorable Patrick J. Londrigan._

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
_Petition for an Injunction (Preliminary)._

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it
still pending?) _Yes, it was dismissed 12 May 2006, and it's being appealed._

7. Approximate date of filing lawsuit _January 30, 2006_

8. Approximate date of disposition _May 12, 2006 December of 2006._

## III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution? _Yes, there is such a procedure,_

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X)  No ( )

C.   If your answer is "yes",
1.   What steps did you take? _First, I submitted a Committed-Person's_
_Grievance Form to my institutional counselor. The Grievance was_
_forwarded to the Grievance Officer. Afterwards, it was sent to the_
_Administrative Review Board (Office of Inmate Issues) & Deputy Regional Directors._
2.   What was the result? _All Grievances submitted were recommended to be Denied._
_And were eventually Denied the Requested Relief._

D.   If your answer is "no", explain why not. _This is non-applicable for_
_this Complaint Respectively Because every isolated_
_issue was grieved by this Complainant. And exhaustion_
_of Administrative & institutional review has been sought at every level._

E.    If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes (X)    No ( )

F.    If your answer is "yes",

1.    What steps did you take? _I attempted an explanation of the circumstances and the nature surrounding them to the adjustment-committee & letter(s) to the warden attesting the same._

2.    What was the result? _I was refused exonerating evidence and was deemed guilty. And I was placed in segregation as a result._

G.    If your answer is "no", explain why not. _Non - Applicable._

H.    Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not: _I have already performed this task when I initially filed this complaint on April 14, 2005. Therefore, remedy evidence of an administrative nature is already on file._

## IV. STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

_——— A violation of complainant's 1st & 8th Amendment Rights ———_

_(I.) (Menard Medium Security Facility)_

_(A) On July 6, 2003, Briggs (was) on his way to eat lunch when Defendant Bush intentionally closed the X-House/D-Wing door on Briggs preventing him from eating lunch. Briggs wrote a grievance about this incident and that grievance was not properly investigated by Defendant Hennrich or Defendants Middendorf-Moore- and Murray. Briggs sent the grievance to the Administrative Review Board in Springfield, Illinois, for adjudication. And Defendants Miller- Anderson -Meek- and Walker Jr., did nothing to address Briggs' concerns._

(B) Because of the circumstances surrounding the 7/6/03-incident Briggs asserts that Defendant Bush wanted to retaliate against Briggs. This prompted the incident of July 16, 2003. Here, Defendant Dixon wrote Briggs a Disciplinary Report alleging that Briggs refused a Direct Order to pair-off in line Masse for Yard recreation. Briggs was immediately placed in Temporary Confinement (status pending review of the matter) by the Adjustment Committee. Defendants Wilson and Tovar assert that they interviewed Briggs' witness and after listening to Briggs' Defense Adjudicated him guilty. Briggs was recommended sanctions of 2 Months Segregation - loss of Commissary - loss of Yard Recreation - and Demotion to C-Grade. No (Recommendation) To Sanction Briggs To a Seg-to-Seg Transfer Took place but Briggs was Transfered to the Menard Maximum Security Correctional Facility on July 22, 2003. Defendants Albert and Purtle signed-off agreeing to confine Briggs in the incident of 7/16/03. Defendant McAdory also concurred with the sanctions of the incident of 7/16/03. Defendants Miller and Anderson and Meek and Walker Jr., did nothing to investigate nor adjudicate the incident of 7/16/03. Defendants Middendorf - Moore - Murray and Forsting did nothing either to investigate the incident of 7/16/03 as requested By Briggs. (This includes Defendant Hennrich Too.)

### (II.) (Menard Maximum Correctional Center)

(A) Briggs was released from The Menard Maximum Security Facility - Segregation Unit on 9/16/03, and placed in to the Population instead of being Returned back to The Menard Medium Security Facility or Correctional Facility of equal Security Status. On November 11, 2003, Briggs was taking a shower when he was attacked and Assaulted by Inmate David Thurman. Here, Defendants Hess and Mifflin and McDaniel wrote Briggs a Disciplinary Report alleging that Briggs was Fighting with Thurman. Briggs was immediately placed (in) To The Segregation Unit pending Adjustment Committee Review and Determination. Defendants Mitchell and Scott assert that They interviewed Briggs' witnesses and after listening to Briggs' Defense or explanation Adjudicated him guilty. This they did before the Internal Affairs and Defendants McAdory and Middendorf completed their investigation of incident-11/11/03. Briggs was Recommended sanctions of 1 Month Segregation - loss of Commissary - loss of Yard Recreation - and Demotion To C-Grade. Briggs wrote a Grievance and Defendants Owens - Forsting - Middendorf - Moore - Murray - and McAdory did nothing to sufficiently address the Grievance. The Grievance was forwarded By Briggs To The Administrative Review Board in Springfield, Illinois. Here, Defendants Miller - Anderson - Meek - and Walker Jr., agreed that Briggs Grievance Be Denied. Briggs also sought To press Criminal charges against Thurman in The Circuit Courts of Randolph and St. Clair Counties of Illinois. And Briggs was seen By Defendants Wexford Health Services and Dr. Chapman, D.D.S. for treatment which resulted in injury From the 11/11/03 incident. Additionally, Defendants Spiller and Cowan signed agreeing to confine Briggs without an independent determination of the Facts surrounding the 11/11/03 incident. Defendant Theis signed off as well concurring.

SD428 28

<u>(Cont.) (Menard Maximum Correctional Center)</u>

(B) On February 4th, 2004, Defendant Schorn wrote Briggs a disciplinary report alleging that Briggs had approximately 150 pages of pornographic material while he was on call-pass in the law library. Briggs wrote a Committed Person's Grievance demonstrating that because he and his celli were not getting along the pornographic material alleged must belong to his celli. That the pornographic material allegedly found was supposedly placed into a legal envelope that Briggs initially reported missing as belonging to him. Defendant Korando initiated Ms. Schorn's disciplinary report as a Major ticket but he designated her Shakedown- Confiscation sheet as a Minor ticket. At the Adjustment- Committee Hearing, Defendants Wilson and Scott let Briggs explain the circumstances of incident- 2/4/04, and adjudicated Briggs guilty. The sanctions imposed and/or recommended at that Hearing of February 9, 2004 were (1) month loss of commissary - loss of library priviledges- and Demotion To C- Grade. Defendant Cowan signed off authorizing incident- 2/4/04 as a Major ticket infraction February 6th, 2004. Defendants McAdory- Owens- and Middendorf failed to determine independently the veracity of Briggs' assertions. The same can be said of Defendants Anderson and Walker Jr.

(C) On February 7th, 2004, Defendant Bearden and Morris wrote Briggs a disciplinary report alleging that Briggs had unauthorized contraband known to be a stinger. Briggs wrote a Committed Person's Grievance re-emphasizing that him and his celli were not getting along. That the contraband was recovered underneath the mattress belonging to Briggs' celli and that it did not belong to Briggs. Nor does Briggs claim ownership of said Contraband. At the same Adjustment- Committee Hearing- 2/9/04, Briggs explained the nature of these concerns to Defendants Wilson and Scott. Briggs was found guilty and recommended sanctions of 2 months

- (5a) -

segregation - loss of commissary - and Demotion to C-Grade. Here, Defendants Spiller and Korando and N. Pitts authorized confinement of Briggs to segregation. Additionally, Briggs requested an Internal Affairs investigation to no avail. (And Defendant's Middendorf-Moore-Murray-Owens-Forsting-and McAdory failed to independently adjudicate the incident- 2/7/04. Again, the same can be said of Defendants Anderson and Walker Jr.

(D) On January 29th, 2004, Defendant Henry confiscated Briggs' State-identification card as Briggs was on his way to eat lunch. Nothing appeared damaging about that identification card but Briggs was charged $5.00 for a replacement card. Briggs wrote a Committed Person's Grievance demonstrating that he entered the Menard Correctional Center on January 3, 2003. That 3-days later he was transferred in to the Menard Medium Security Facility because of his Level III security designation. That, therefore, the incident- 1/29/04 exceeds the institutional annual appearance update schedule. And that Briggs is not be charged $5.00 Respectively. Defendants Owen-Middendorf- and McAdory failed to independently investigate nor Adjudicate the veracity of Briggs' grievance. The same can be said for Defendants Anderson and Walker Jr.

(E) On October 3rd, 2004, Defendant Ward and Morris wrote Briggs a disciplinary report alleging that he was attempting to mail another inmate's legal mail in to the U.S. Mail Box. That this occurred while inmates were proceeding to go and eat lunch. Again, Briggs wrote a Committed Person's Grievance explaining that he never left his cell to eat lunch on the day in question. That chow-hall camera surveillance- I.D. Scanner- and two or more witnesses can verify Briggs did not eat lunch the 3rd of October 2004.

-(5b)-

At the October 6, 2004 Adjustment-Committee Hearing, Defendants Wilson and Tovar asserted that they interviewed Briggs' witnesses but when Briggs asked if they observed video-camera surveillance & I.D. Scanner documentation a continuance was effectuated. Defendant Henry inquired in to the Committee's continuance and soon thereafter the decision to continue was overturned. It is important to know that Defendant Veath is placed as a witness on Mr. Ward's Shakedown-Confiscation Sheet. On Mr. Ward's ~~disciplinary reports~~ Summary Report Defendant Morris is listed as Defendant Ward's witness and not Defendant Veath. Furthermore, Defendants Mayo-Martin-and Hinsley impeded or hindered Briggs' attempts & requests to institutionally transfer, when Briggs was reassigned housing from the 8th Gallery East House, in to the 8th Gallery West House. Thus, the incident of 10/3/04 shortly thereafter took place. Briggs was adjudicated guilty at

the Hearing-10/6/04 and recommended sanctions imposed was 2-months Segregation, loss of commissary, Demotion to C-Grade, and 1 month loss of yard recreation. Defendants Schwarz-Wine-Martin-and Hinsley failed to independently investigate incident-10/3/04 and agreed with the sanctions imposed against Briggs. The same can be said of Defendants Murray and Uchtman, as well as Defendants Anderson-Miller-and Walker Jr., and Meek.

(F) On January 14th, 2005, Defendants Ellis and Hale I wrote Briggs individual disciplinary reports that both asserted Briggs engaged in unlawful movement and trading & trafficking. Mr. Hale I was put as a witness on Defendant Ellis' disciplinary report. Briggs wrote a Committed Person's Grievance demonstrating that he was authorized movement Due to attendance of an incoming attorney phone call.

— (5c) —

That Defendant Schwarz validated the incoming attorney phone call, and the assurance of Briggs being present at that phone call. That after the initial incoming call Briggs informed Mr. Schwarz he had to retrieve additional documentation, and that he would be coming right back for his attorney to call back. Therefore, Briggs' celli would have to simply pass to him requested documentation from Briggs' correspondence box. At the January 18th, 2005 Adjustment Committee Hearing, Defendants Wilson and Locke assert that they interviewed Briggs' celli Edwin Mercado. And Briggs explained the nature of incident- 1/14/05 but was found guilty. The recommended sanctions imposed was 2-months of segregation- loss of commissary- Demotion To C-Grade and 1 month loss of yard recreation. Defendants Schwarz-Middendorf-Murray-, Moore and Uchtman failed to perform independent analysis of incident- 1/14/05. The same can be said of Defendants Miller-Anderson-Meek and Walker Jr. Defendants Maue and Korando concurred with confining Briggs To Segregation. The Defendant N. Pitts also concurred as well.

(G) While in segregation that stemmed from incident- 1/14/05, Briggs was coerced by intimidation & threat to submit a D.N.A. sample in violation of State law. Briggs was also requested by B of I personnel to appear for an appearance updated annual State Identification Card. Instead, Briggs was charged $5.00 for the I.d., Card. Briggs wrote a Committed Person's Grievance attesting to the same. Defendants Owens and Murray and Uchtman failed to sufficiently adjudicate these issues which occurred on February 9th, 2005. The same can be said for Defendants Miller-Anderson-Meek and Walker Jr.

—(5d)—

(H) On April 20th, 2005, Defendants McTaggart & Luers adjoined in formulating a disciplinary report against Briggs alledging that he gave false information. Briggs wrote a Committed Person's Grievance explaining that he is in fact complying with an Appellate Court mandate pursuant to Illinois Supreme Court Rules 315 & 317. The tolling of which ends on April 20th of 2005. At the Adjustment Committee Hearing of 4/22/05, Briggs explained the nature of the circumstances surrounding incident-4/20/05 and his witness was allegedly interviewed. The Committee adjudicated, Briggs guilty and recommended imposed sanctions of 1-month Segregation, loss of commissary, and Demotion To C-Grade. Defendants Broshears and Vasquez and Uchtman failed to effectuate an independant deter-

mination of incident-4/20/05. The same can be said of Defendants Wine- Spiller- Cowan- Uchtman- Middendorf- Moore- Murray - Owens- Forsting- Miller - Anderson- Meek- and Walker Jr.

(I) After Briggs was released from Segregation on May 20th, 2005, he was housed in to Unit-R1 where he was assaulted by inmate David Thurman. Briggs was placed in to the cell where Thurman and his celli resided. But Thurman was not present and his old celli was. Thus, Briggs and Thurman's old celli resided together. Within three to four weeks, Briggs admitted himself in to Protective Custody stemming from the incident issues surrounding 11/11/03. Briggs was denied Protective Custody and he appealed to authorities in Springfield, Illinois. Instead of honoring Briggs' appeal's process, Briggs was shipped to the Pinckneyville Correctional Center and placed in to population without his consent.

-(5e)-

## (III.) ( Pinckneyville Correctional Center )

(A) On June 10th, 2006, Defendants Peek and Grant adjoined in formulating a disciplinary Report against Briggs alleging that Briggs had a stringer in his cell found inside a cup on a shelf. Briggs was immediately placed in to the segregation unit pending Adjustment Committee determination. At the Committee Hearing - 6/16/06, Defendants Grace and Fernandez failed to provide Briggs with the confiscated evidence of contraband. Defendant Townsley deprived Briggs from asserting witnesses, on to Mr. Peeks disciplinary Report, when asked to sign in receipt of such Report. Meanwhile, Briggs wrote Defendant Bartley a letter seeking an independent determination of incident - 6/10/06.

Briggs was adjudicated guilty and recommended imposed sanctions of 1-month segregation - loss of commissary and Demotion To C-Grade. Mr. Briggs wrote a committed Person's Grievance demonstrating the contraband found was verbally claimed by Briggs' celli. That said ownership was validated by the name & Register Number of Briggs' celli being on the cup as engraved. Defendants Stewart and Green was informed of the fact that Briggs' celli claimed & validated ownership but did nothing about it. Furthermore, Defendants Hartman - Carriker - Sanders - Purcell - Blades - Cleland - Kisro - and Bartley failed to render a independent determination ("Assessment") of incident - 6/10/06. So far the same can be said of Defendants Miller - Anderson - Meek - and Walker Jr.

(B) On September 2nd, 2006, Defendant Rennison and Crow adjoined in formulating a Committed Person's Grievance against Briggs alleging that Briggs forged a document and gave false information. Defendants Bebout and Hubler ("Hublen") immediately authorized Briggs be placed in Segregation pending Adjustment Committee determination. Briggs wrote a Committed Person's Grievance demonstrating

Facts that Mr. Rennison is acting in Retaliation towards Briggs, because Briggs authenticated that she attempted to mislead him, by producing fabricated documents purporting to depict a legal matter of Briggs' as closed. Defendants of the Adjustment Committee have yet to render a final determination. While, in Segregation Defendant Hill wrote a disciplinary report against Briggs alleging Briggs stoled and damaged State property of School District 428. Briggs wrote a Committed Person's Grievance explaining that the

alleged stolen is not stolen, and that Briggs received the item in question from his attorney when on a Court Writ in February thru March of 2006. Still, Briggs awaits Adjustment Committee Adjudication on both incidents of September 2nd, 2006.

## (IV.) (Wexford Health Svcs., & Dental)

(A) Here, Briggs grieved the failure to sufficiently treat his dental condition of missing crowns to his upper four front teeth. Defendant Grubman sent Briggs a memorandum demonstrating that dental treatment is based on Mr. Chapman's clinical Judgment. Defendant Chapman has refused his clinical (Judgment) of Briggs' dental concerns.

(B) As a result of Briggs being placed in Segregation, on 7/22/03 and 11/11/03, Briggs incurred a medical ailment that was misdiagnosed and negligently-improperly treated by Defendant Wexford Health Services. This resulted in emergency surgery of Briggs on 12/10/03. And Briggs was only noticed to be given surgery because he was scheduled to take an HIV/AIDS test for 12/10/03. Otherwise, Briggs' entire Right hip - Buttocks - and leg was in danger of being amputated due to severe infection. Defendant Howie failed to seek adequate adjudication of this medical issue along with Ms. Linda GoForth (Defendant).

## Respond to Reverse Count-2 & Summon Defendants

### Rule 26(a)(1)-Disclosure:

(A) The following individuals may have discoverable information in support of Plaintiff claim and/or for impeachment (purposes) regarding the alleged incident outlined in Plaintiff's complaint;

(B) The Plaintiff has originally submitted tangible items in his possession at the time of filing his § 1983-Complaint which were grievances and related documents;

(C) The Plaintiff has no computation of any category of damages claimed by the disclosing party at this time;

(d) Not applicable at this time;

(e) Not applicable at this time;

| Defendant | Employed As | At Location |
|---|---|---|
| Sargeant- Bush | Correctional Officer For The Illinois Department of Corrections | Menard Medium Security Facility P.O Box 711 Menard, Ill. 62259 |

A-4

| Defendant | Employed As | At Location |
|---|---|---|
| Robert R. Dixon | Correctional Officer For The Illinois Department of Corrections | Menard Medium Security Facility P.O. Box 711 Menard, Ill. 62259 |
| Mr./Ms. Theis | Adjustment- Committee Reviewing Officer/I.D.O.C. | Menard Maximum Correctional Center P.O. Box 711 Menard, Ill. 62259 |
| Kyle D. Hess #3770 | Same As Above | |
| Mr. Mifflin | Same As Above | Same As Above |
| Mr. Casey W. Ward #5599 | Same As Above | Same As Above |
| Timothy Morris | Same As Above | Same As Above |
| Ms. Tina M. Bearden | Same As Above | Same As Above |
| Ms. Kellie S. Ellis #11084 | Same As Above | Same As Above |
| Larry D. Hahe I | Same As Above | Same As Above |
| Sargeant Mayo | Same As Above | Same As Above |
| Sargeant Henry | Same As Above | Same As Above |
| Sargeant McDaniel | Same As Above | Same As Above |
| Lieutenant Veath | Same As Above | Same As Above |
| Ms. Krista L. Schorn* | Correctional Officer/Law Librarian Aide (I.D.O.C.) | Same As Above |