IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ISAAC BRIGGS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-266-DRH** |
| | ) | |
| **ROBERT R. DIXON, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is defendants Pamela Grubman, Linda Goforth and Vickie Howie's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 42). Plaintiff's response is also on record. (Doc. 47). This Report and Recommendation is respectfully submitted to United States District Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

At this juncture, only Counts 14 and 15 of the amended complaint remain. (*See* Doc. 30). Count 14 alleges that, in response to a grievance regarding dental treatment, defendant Grubman sent him " a memorandum demonstrating that dental treatment is based on Mr. Chapman's clinical judgment," even though Chapman had refused to treat plaintiff's four upper front teeth, which were missing crowns. (Doc. 28, p. 12 (as numbered in the CM-ECF system)). According to the amended complaint, Pamela Grubman is the Health Care Administrator at Menard Correctional Center, and Dr. Chapman is the "head dentist" at Menard. (Doc. 28-2, p. 2 (as numbered in the CM-ECF system)).

1

Count 15 alleges that plaintiff feared his leg was going to have to be amputated after an infection went untreated, and defendants Howie and Goforth "failed to seek adequate adjudication of this medical issue." (Doc. 28, p. 12 (as numbered in the CM-ECF system)). According to the amended complaint, Linda Goforth is a counselor at Menard Correctional Center, and Vickie Howie is a correctional officer/counselor at Menard. (Doc. 28-2, p. 4 (as numbered in the CM-ECF system)).

### The Issues Presented

The defendants argue that:

1. Defendants Goforth and Howie are not medical professionals, although defendant Grubman is a nurse; they all relied upon Dr. Chapman's clinical judgment and therefore, in accordance with *Johnson v. Doughty*, 433 F.3d 1001, 1010-1011 (7th Cir. 2006), cannot be found liable under the Eighth Amendment; and

2. Defendants Grubman, Goforth and Howie are all protected by the doctrine of qualified immunity, in that their alleged actions did not violate clearly established constitutional rights.

Plaintiff counters, in pertinent part, that the amended complaint alleges that the defendants had actual notice of his dental and medical conditions but acted with deliberate indifference. Much of plaintiff's response is a narrative of the factual underpinnings of the case, elaborating on the amended complaint. Plaintiff also includes exhibits with his response, and he has also filed his medical records and grievance documentation as supplemental exhibits (Doc. 48).

### The Applicable Legal Standard

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, is proper where it appears beyond doubt that the plaintiff can prove no set of facts to support his or her claim on which relief may be granted.

*Szumny v. Amer. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). All well-pleaded facts are accepted as true and are construed in favor of the plaintiff. *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). However, it is important to note that federal notice pleading requires only that the complaint contain a short and plain statement of the claim that will provide the defendant with fair notice of the claim. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see also* Fed.R.Civ.P. 8(a). "Furthermore, the claim must be sustained 'if any facts that might be established within those allegations would permit a judgment for the plaintiff.'" *Veazey v. Communications & Cable of Chicago, Inc.,* 194 F.3d 850, 854 (7th Cir. 1999) (quoting *Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998)). "[T]he development of legal theories and the correlation of facts to theory come later in the process." *International Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir. 1999).

Rule 12(b) dictates that if matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as a motion for summary judgment and disposed of in accordance with Federal Rule of Civil Procedure 56, which pertains to motions for summary judgment. Documents attached to a motion to dismiss may be considered part of the pleading if they are referred to in the complaint and are central to a plaintiff's claim. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993); *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006). "[T]his is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Defendants rely entirely on the amended complaint, but plaintiff's response includes additional exhibits, and he has separately filed "supplemental supporting exhibits." Plaintiff's initial exhibits (Doc. 47-2, pp. 10-15 (as numbered in the CM-ECF system)) do not meet the standard for inclusion and they are not relevant to the motion to dismiss. The Administrative Review Board's May 2004 written denial of plaintiff's "appeal" of a grievance about the denial of dental care that was denied by defendant Grubman in July 2003 is tangential to the issues in this case. Although the document reflects that Grubman had explained that plaintiff's missing crowns had been deemed a preexisting cosmetic matter, it is essentially hearsay– a secondary reflection of the actual grievance and response. Similarly, plaintiff's supplemental exhibits (Doc. 48) cannot be considered to be part of the amended complaint. Although plaintiff's medical records and related grievance documents are an integral part of his proof, they are not actually the subject of Counts 14 and 15. Moreover, as will become apparent, none of plaintiff's exhibits can cure the fatal flaw in the defendants' motion to dismiss. Therefore, there is no need to consider plaintiff's exhibits or convert the subject motion to a motion for summary judgment.

## Analysis

Counts 14 and 15 rest on the Eighth Amendment. "[D]eliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. See also *Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996).

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.' *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

### 1.  Reliance on the Advice of Medical Professionals

In *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006), cited by defendants, the Court of Appeals for the Seventh Circuit held that non-medical prison officials who reasonably rely on the judgment of a medial professional are insulated from Eighth Amendment liability.

It is undisputed that defendant Chapman is a dentist, as alleged in the amended complaint. The amended complaint describes defendant Grubman as the Health Care Administrator at Menard, and defendants Goforth and Howie as counselors. Although Grubman, Goforth and Howie assert in their motion that they are not medical professionals, the amended complaint is ambiguous, and the Court cannot assume facts not in evidence– not in the amended complaint– in ruling on the subject motion. Therefore, the defendants' argument based on *Johnson v. Doughty* fails.

### 2. Qualified Immunity

Defendants Grubman, Goforth and Howie assert they are entitled to qualified immunity. Qualified immunity shields officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The defendants do not elaborate on their argument. Presumably this argument is tied to their argument that their reliance on the advice of a medical professional insulates them from Eighth Amendment liability. In any event, at this juncture the Court cannot determine whether the doctrine of qualified immunity is applicable.

The District Court has already explained its threshold order that Counts 14 and 15 state facially viable Eighth Amendment claims. (Doc. 30). Questions of fact central to any qualified immunity analysis remain, such as whether the defendants have medical training and the extent

of their knowledge of plaintiff's medical and dental ailments.  Therefore, defendants' assertion of qualified immunity fails.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that defendants Pamela Grubman, Linda Goforth and Vickie Howie's motion to dismiss plaintiff's amended complaint (Doc. 42) be denied in all respects.

**DATED: June 19, 2007**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **July 9, 2007**.