IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ISAAC BRIGGS**[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-266-DRH** |
| | ) | |
| **ROBERT R. DIXON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**PROUD, Magistrate Judge:**

Plaintiff Isaac Briggs brings the above-captioned (amended) civil rights complaint pursuant to 42 U.S.C. § 1983, alleging 16 separate constitutional violations against 72 defendants, regarding his treatment at Menard Correctional Center. **(Doc. 28).** Before the Court are multiple interrelated motions and documents:

1. Defendants Grubman, Goforth and Howie's motion for summary judgment **(Doc. 75)**;

2. Defendant Chapman's motion for summary judgment **(Doc. 76)** and brief in support thereof **(Doc. 77)**;

3. Plaintiff Briggs' "Combined Motion to Dismiss Defendants Motions for Summary Judgments & Reinstate Counts 1-13 & 15" [sic] **(Doc. 85)**, which includes a response to Grubman, Goforth and Howie's motion for summary judgment;

4. Defendants Grubman, Goforth and Howie's response to plaintiff's

---

[1]Plaintiff's birth name is Isaac Briggs, but he also uses the alias Josef Dupree. (***See*** **Doc. 77-3, p. 4).** Although some of the defendants and documentation refer to Josef Dupree, this Court will refer to plaintiff as Isaac Briggs. For identification purposes, it should be noted that plaintiff's inmate identification number is B-73562.

1

|   |   |
|---|---|
|   | "Combined Motion" **(Doc. 89)**; |
| 5. | Defendant Chapman's two replies to plaintiff's "Combined Motion" **(Docs. 87 and 95)**; |
| 6. | Plaintiff's "Motion to Deny Defendant Nathan Chapman's Reply and Defendant Nathan Chapman's Motion to Strike Plaintiff's Combined Motions for Summary Judgment" **(Doc. 90)**; |
| 7. | Plaintiff's supplemental documentation **(Doc. 91)**; and |
| 8. | Plaintiff's "Reply in Support to Deny the Defendants' Actions for Summary Judgments and Reinstate Instant-Action Counts 1-13 and 15" [sic] **(Doc. 96)**. |

This Report and Recommendation, addressing all of the aforementioned motions and matters, is respectfully submitted to Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

## Plaintiff's Motions to Deny the Defendants' Motions

Plaintiff moves to deny the defendants' motions for summary judgment. **(Docs. 85 and 90).** The Court construes plaintiff's filings as responses to the defendants' motions for summary judgment. Plaintiff cites no procedural flaw in either motion that would bar their consideration; rather, plaintiff merely disagrees with the defendants' arguments. Therefore, in that limited respect, plaintiff's motions **(Docs. 85 and 90)** should be denied.

## Pending Claims and the Reinstatement of Claims 1-13 and 15

At this juncture, only Counts 14 and 15 of the amended complaint remain. (*See* **Doc. 30).** Count 14 alleges that defendant Dr. Nathan Chapman, head of dentistry at Menard Correctional Center, and defendant Pamela Grubman, the Health Care Administrator at Menard Correctional Center and a registered nurse, was deliberately indifferent to plaintiff's serious

2

medical needs, in relation to four upper front teeth, which were missing crowns. **(*See* Doc. 28, p. 12; Doc. 28-2, p. 2; and Doc. 30, pp. 14-16).** Count 15 alleges another "deliberate indifference" claim, that plaintiff feared his leg was going to have to be amputated after an infection– a gluteal abscess– went untreated, and defendants Vickie Howie and Linda Goforth, who are both correctional counselors, "failed to seek adequate adjudication of this medical issue." **(Doc. 28, p. 12).**

In accordance with 28 U.S.C. § 1915A, the Court previously dismissed Counts 1-13, part of Count 15 pertaining to Wexford Health Sources, Inc., and Count 16 against the Immigration and Naturalization Service. **(Doc. 30).** Plaintiff's "Combined Motion" seeks to reinstate Counts 1-13, and the part of Count 15 pertaining to Wexford Health Sources, Inc. **(Doc. 85, pp. 11-12).** This Court construes that aspect of plaintiff's "Combined Motion" as seeking relief pursuant to Federal Rule of Civil Procedure 60(b).[2] Plaintiff filed the subject motion more than one year after the Court's order; therefore, he is precluded from arguing mistake, newly discovered evidence or fraud. **Fed.R.Civ.P. 60(b).** In any event, plaintiff asserts no particular error. Rather, plaintiff generally asserts the dismissed claims should be reinstated, and he attempts to substantiate his dismissed claims by submitting in excess of 200 pages of documentation. "Judges are not like pigs, hunting for truffles buried in briefs." ***U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).** Moreover, the dismissed defendants and wide array of unrelated claims should not have been joined in a single complaint. ***See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).** Therefore, this Court finds no basis for altering the Court's previous order and that

---

[2] Plaintiff does not cite a procedural basis for reconsideration of the Court's threshold order. Rule 60(b) appears to afford plaintiff the most leeway in seeking reconsideration.

3

portion of plaintiff's "Combined Motion" **(Doc. 85)** should be denied.

Assuming that the Court does not reinstate all of the dismissed defendants and claims, only those claims against defendants Grubman, Goforth, Howie and Chapman remain. Those defendants' motions for summary judgment will be addressed in turn.

### Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).** In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).**

**A. Exhaustion of Administrative Remedies**

Count 15 alleges that defendants Linda Goforth and Vickie Howie were deliberately indifferent to plaintiff's serious medical need regarding his infection and gluteal abscess. More specifically, plaintiff alleges that Goforth and Howie, correctional counselors, did not respond

4

properly to his grievances regarding the adequacy/propriety of his medical care. (*See* **Doc. 28, p. 12).** Goforth and Howie assert that plaintiff failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). In support of their motion, they submit the affidavit of Terri Anderson, the record-keeper for the Illinois Department of Corrections' Administrative Review Board, which handles the final step in the prison grievance process. According to Anderson, a search for all grievances filed by inmate Dupree[3], No. B-73562, regarding defendants Goforth and Howie and plaintiff's medical care, did not turn-up any appeal to the Administrative Review Board. **(Doc. 75-2, pp. 10-12).** Plaintiff counters by citing *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006), for the proposition that all that is required is a good faith effort to exhaust administrative remedies. **(Doc. 85, p. 10).** Plaintiff makes the simple argument that he made a "good faith effort," in light of the fact he was in segregation, to exhaust administrative remedies. **(Doc. 85, pp. 10-11).** Plaintiff does not elaborate.

The issue of exhaustion of administrative remedies in accordance with 42 U.S.C. § 1997e(a), must be addressed first because, while not jurisdictional per se, exhaustion is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. ***Woodford v. Ngo,* 548 U.S. 81, ---- - ----, 126 S.Ct. 2378, 2382-2383(2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001)*; Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002);*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999).**

"Because failure to exhaust administrative remedies is an affirmative defense, defendants

---

[3]Note that the inmate number belongs to plaintiff Briggs. (*See* **footnote 1 above).**

have the burden of pleading and proving the defense." ***Massey v. Helman***, 196 F.3d 727, 735 (7th Cir. 2000). "Defendants may waive or forfeit reliance on [42 U.S.C.] § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." ***Perez,*** 182 F.3d at 536.

The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve exhaustion; substantial compliance is insufficient. ***Lewis v. Washington*** 300 F.3d 829, 833-834 (7th Cir. 2002). When prison officials fail to respond to an inmate grievance that remedy is considered exhausted because it has been rendered "unavailable." ***Id.*** Similarly, a remedy that prison officials impede a prisoner from using is "unavailable." ***Dale v. Lappin***, 376 F.3d 652, 656 (7th Cir. 2004); ***Dole v. Chandler***, 438 F.3d 804, 811-812 (7th Cir. 2006).

Plaintiff misreads *Dole v. Chandler*; in that that case pertained to the situation where an inmate had done everything within his power to pursue his grievance through the prescribed steps, and any misstep is owing to the prison system. ***Dole*, 438 F.3d at 810.** Unlike the inmate in *Dole v. Chandler*, plaintiff has not done everything he was supposed to do. The affidavit of record-keeper Terri Anderson, stating that plaintiff failed to take the final step in the administrative grievance process, is not contradicted or disputed by plaintiff. Rather, plaintiff, relying on his misreading of *Dole v. Chandler*, merely asserts that he made a good faith effort to exhaust. Plaintiff does not specify any impediment, except to generally state that he was in segregation. Therefore, there is nothing in the record to substantiate that the complete administrative process was unavailable to plaintiff.

Recently, in *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit re-emphasized that the exhaustion issue must be resolved before discovery may

proceed. The appellate court stated:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey*, 528 F.3d at 497-498.

Of course, in accordance with Federal Rule of Civil Procedure 78, the Court may determine motions upon written statements of support and opposition, without holding a hearing. In this instance, a hearing does not appear necessary, as the parties have had an opportunity to fully brief their positions regarding exhaustion. There is absolutely no dispute that plaintiff did not exhaust administrative remedies relative to defendants Goforth and Howie. Plaintiff's argument is based on his misreading of *Dole v. Chandler* and neither discovery or an evidentiary hearing can possibly remedy that fatal flaw. Therefore, this Court must recommend that Count 15 against defendants Goforth and Howie be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies.

At the risk of offering an advisory claim on claims not properly before the Court, in the event that the Court does not adopt the aforestated recommendation regarding exhaustion, the

other arguments for summary judgment will be addressed.

### B. Defendant Grubman

In Count 14, plaintiff alleges that in response to a grievance he sent Health Care Unit Administrator Grubman about Dr. Chapman's failure to replace missing crowns on plaintiff's upper front teeth, Grubman merely rested on Chapman's clinical judgment. **(Doc. 28, p. 12;** *see* **Doc. 75-2, p. 3 (9/3/2003 letter from Grubman)).** A review of the letter Grubman wrote to plaintiff in response to his grievance reveals that she stated in pertinent part: "I will have the dentist re-examine you. Dental treatment is based on his clinical judgement." **(Doc. 75-2, p. 3 (9/3/2003 letter from Grubman)).**

According to defendant Pamela Grubman's affidavit, although she is the Health Care Unit Administrator and a registered nurse, she cannot overrule the medical decisions of doctors and/or dentists. **(Doc. 75-2, pp. 1-2).** Grubman also notes that she was otherwise responsive to plaintiff's grievance, in that she directed that he be re-examined, which he was. **(*See* Doc. 75-2, p. 5 (9/24/2003 medical records)).** In response, plaintiff asserts that Grubman could have intervened, and he generally argues about the adequacy of his dental care and whether prison policy prohibited Dr. Chapman from replacing crowns. **(Doc. 85).**

"[D]eliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, **429 U.S. 97, 104 (1976);** *Farmer v. Brennan*, **511 U.S. 825 (1994).** This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* **429 U.S. at 106.** *See also Jones v. Simek,*

8

**193 F.3d 485, 489 (7th Cir. 1999);** *Steele v. Choi*, **82 F.3d 175, 178 (7th Cir. 1996).**

In *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006), cited by defendants, the Court of Appeals for the Seventh Circuit held that non-medical prison officials who reasonably rely on the judgment of a medical professional are insulated from Eighth Amendment liability. Similarly, it is axiomatic that a nurse cannot override the medical decision of a doctor or dentist. Grubman's affidavit is not disputed or challenged by plaintiff. Therefore, there are no questions of fact precluding granting Grubman summary judgment on this issue; it is undisputed that she had no authority to have plaintiff's missing crowns replaced. Furthermore, the evidence establishes Grubman was not indifferent to plaintiff's situation, in that she did all that was within her power as the administrator of the Health Care Unit, as she order that plaintiff be re-examined. Defendant Grubman is entitled to summary judgment on Count 14.

### C.  Defendants Goforth and Howie

Count 15 alleges that, upon receipt of grievances about how plaintiff's gluteal abscess was treated (or not treated), defendants Linda Goforth and Vickie Howie "failed to seek adequate adjudication of this medical issue." **(Doc. 28, p. 12).** According to plaintiff's deposition testimony, he did not grieve his medical treatment until after the gluteal abscess was removed. **(Doc. 75-2, p. 17).** Plaintiff has since elaborated that it is his opinion that Goforth and Howie could have somehow ensured that he received proper care, earlier. **(Doc. 85, p. 3).** Such a claim falls under the Eighth Amendment rubric. "[D]eliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, **429 U.S. 97, 104 (1976);** *Farmer v. Brennan*, **511 U.S. 825 (1994).**

Count 15 is fatally flawed in that it alleges that Howie failed to take action after the alleged inadequate medical care. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." ***Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks and citations omitted).** Plaintiff is attempting to attach blame to Howie after the alleged medical crisis, which would make it impossible for her to have intervened to assist him.

Goforth and Howie are correctional counselors at Menard Correctional Center; they have no medical expertise and therefore rely on plaintiff's physician(s) regarding treatment decisions. **(*See* Doc. 75-2, pp. 6-7 and 9).** Plaintiff has not challenged those facts. Non-medical prison officials who reasonably rely on the judgment of a medial professional are insulated from Eighth Amendment liability. ***Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006)**. Therefore, defendants Goforth and Howie are entitled to summary judgment on Count 15.

Based on the aforementioned analysis, Goforth and Howie's argument that they would be entitled to qualified immunity is well taken. "[T]heir conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).** This argument is essentially redundant.

Insofar as plaintiff seeks monetary damages against Goforth and Howie, the defendants correctly observe that monetary damages may only be sought from the defendants individually; official capacity suits are actually suits against the State and the Eleventh Amendment bars such damages actions. ***Kentucky v. Graham*, 473 U.S. 159, 166-167 and 169 (1985).** If Count 15 were to proceed to trial, such damages would be barred.

### D. Defendant Chapman

Defendant Dr. Chapman is named in Count 15, regarding plaintiff's dental care and Chapman's alleged refusal to replace crowns missing from plaintiff's upper front teeth. (**See Doc. 28, p. 12**).

"[D]eliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, **429 U.S. 97, 104 (1976);** *Farmer v. Brennan*, **511 U.S. 825 (1994).** This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* **429 U.S. at 106;** s*ee also Jones v. Simek,* **193 F.3d 485, 489 (7th Cir. 1999);** *Steele v. Choi,* **82 F.3d 175, 178 (7th Cir. 1996).**

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* **97 F.3d 987, 991-992 (7th Cir. 1996).**

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of

serious harm.... Whether a prison official had the requisite knowledge of a
substantial risk is a question of fact subject to demonstration in the usual ways,
including inference from circumstantial evidence, ... and a factfinder may
conclude that a prison official knew of a substantial risk from the very fact that
the risk was obvious.

*Farmer,* **511 U.S. at 842.**

Dr. Chapman contends plaintiff's dental condition did not have a serious medical need, and that he, Dr. Chapman, was not deliberately indifferent. Dr. Chapman characterizes this dispute as a mere difference of opinion regarding treatment. Medical records confirm that Dr. Chapman saw plaintiff on multiple occasions during 2003, and two treatment options were offered: (1) do nothing and keep what remained of the teeth clean so that crowns could be sought after plaintiff's release from prison; or (2) have the teeth extracted and receive a partial denture. **(*See* Doc. 77-2, pp. 2-3; Doc. 75-2, p. 5).** According to Dr. Chapman, no crown or bridgework is performed by the Illinois Department of Corrections. **(Doc. 75-2, p. 5; Doc. 77-2, p. 2).** After plaintiff was attacked in November 2003, Dr. Chapman had to seal the broken "posts" of teeth Nos. 7, 9 and 10. **(*See* Doc. 77-2, p. 3; Doc. 75-2, p. 5).** Dr. Chapman asserts that at no time did he find evidence of infection, inflamation or abscesses at the relevant teeth, nor did plaintiff ever request medication for his upper teeth. **(Doc. 77-2, p. 3).**

Plaintiff contends he lost the crowns on his front teeth while in the Department of Corrections and they should have therefore been replaced by Dr. Chapman.[4] Records from the Cook County Jail dated October 26, 2001, reflect that plaintiff had no dental "problems," and

---

[4]The parties' dispute whether there is an Illinois Department of Corrections policy characterizing crowns as cosmetic and prohibiting such dental work, or whether the contract for services with Wexford Health Sources covers such services, is a "red herring" and is irrelevant to the arguments for summary judgment.

12

"moderate" plaque, inflammation, calculus, stain and oral hygiene deficiencies. **(Doc. 85-4, p. 60).** However, records from that same date indicate plaintiff had bleeding gums, a clicking/popping jaw, food between his teeth, loose or broken fillings, and sensitivity to cold. **(Doc. 85-4, p. 7).** An Illinois Department of Corrections dental record dated December 20, 2002 indicates crowns were missing on teeth Nos. 7-10. **(Doc. 75-3, p. 5).** Records from the initial screening at Menard in January 2003– performed by Dr. Chapman– indicate plaintiff was missing crowns on teeth Nos. 8, 9 and 10, (upper front teeth) and no emergency situation was noted. **(*See* Doc. 77-2, p. 2; Doc. 75-3, p. 6).**

According to plaintiff's deposition testimony, the "little fix" was not good enough, he wanted crowns. **(Doc. 77-3, p. 10).** Plaintiff, relying on dental records from his initial screening at Menard, asserts that significant amounts of plaque, gingivitis and periodontal disease rendered the absence of crowns a serious medical condition. Plaintiff indicates he intends to use Dr. Chapman as an expert to prove his case. **(Doc. 77-3, p. 17).** As noted above, Dr. Chapman does not support plaintiff's position.

Deliberately denying dental care and, for example, causing the loss of a tooth, states a claim under the Eighth Amendment. *See Board v. Farnham*, **394 F.3d 469, 479-480 (7th Cir. 2005 (conditions that pose a serious medical risk to future health are actionable, e.g. denial of toothpaste)).** Dental pain, recession or bleeding gums, tooth deterioration and interference with eating could form the basis of an actionable claim. *Id.* **at 480 (listing cases from various circuits).**

Plaintiff suffers a lack of proof– even just enough to create a question of fact regarding whether there was an objectively serious harm. Dr. Chapman offers the only medical opinion on

13

the issue, and he states that there was no such harm present, and he makes no mention of future harm. Rather, Dr. Chapman's advice indicates that if plaintiff were to keep the teeth clean, crowns would remain an option in the future, upon release from prison.

Even if one perceives that plaintiff has satisfied the objective prong of his Eighth Amendment claim, there is no evidence of deliberate indifference. Dr. Chapman repeatedly examined plaintiff, and offered two different treatment options. The fact that plaintiff preferred a third option– replacement of his crowns– is immaterial. Mere negligence will not create liability, nor will the provision of medical treatment other than that preferred by the inmate. **Estelle**, **429 U.S. at 107;** **Burns v. Head Jailor**, **576 F. Supp. 618 (N.D. Ill. 1984).** Also, a difference of medical opinion or even a showing of medical malpractice will not alone suffice. **See Estate of Cole Pardue v. Fromm,** **94 F.3d 254, 256 (7th Cir.1996).** Rule 56(e) requires more at this stage of the litigation that plaintiff's mere assertions. Plaintiff has failed to present any evidence contradicting Dr. Chapman's medical opinion or the evidence (or lack thereof) in the record. Therefore, defendant Dr. Chapman should be granted summary judgment on Count 14.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that:

1. Plaintiff's "Combined Motion" to: (a) reinstate Counts 1-13, and the part of Count 15 pertaining to Wexford Health Sources, Inc.; and (b) to dismiss the defendants' motions for summary judgment **(Doc. 85)** should be denied in all respects;

2. Defendants Grubman, Goforth and Howie's motion for summary judgment **(Doc.**

**75)** be granted in all respects, in that:

    a.    Count 15 against defendants Goforth and Howie should be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies; in the alternative;

    b.    Defendants Goforth and Howie are entitled to summary judgment on Count 15, as a matter of law; and

    c.    Defenant Grubman is entitled to summary judgment on Count 14 as a matter of law; and

3.    Defendant Chapman's motion for summary judgment **(Doc. 76)** should be granted as a matter of law.

If this Court's recommendation is adopted in all respects, all claims against all defendants would be resolved and entry of final judgment would be appropriate.

**DATED: July 22, 2008**

                                **s/ Clifford J. Proud**
                                **CLIFFORD J. PROUD**
                                **U. S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **August 8, 2008**.