IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAAC BRIGGS[1],

**Plaintiff,**

**vs.**

**ROBERT R. DIXON, et al.,**

**Defendant.**  No. 05-266-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This matter is now before the Court on a Report and Recommendation ("Report") filed by Magistrate Judge Proud. **(Doc. 100)**. Briggs objects to the Report. Based on the following, the Court adopts the Report in its entirety.

Issac Briggs, an inmate at the Pontiac Correctional Center, brings this *pro se* complaint pursuant to **42 U.S.C. § 1983** against Dr. Nathan Chapman, Pamela Grubman, Vickie Howie, and Linda Goforth, alleging that Defendants were deliberately indifferent to his serious medical needs. Specifically, he alleges in Count 14 that Chapman and Grubman were deliberately indifferent to his serious medical

---

[1] Plaintiff's birth name is Isaac Briggs, but he also uses the alias Josef Dupree. (*See* **Doc. 77-3, p.4**). Although some of the defendants and documentation refer to Josef Dupree, this Court will refer to plaintiff as Isaac Briggs. For identification purposes, it should be noted that plaintiff's inmate identification number is B-73562.

1

needs in regards to his four upper front teeth, which were missing crowns. In Count 15, he alleges that Howie and Goforth were also deliberately indifferent to his serious medical needs regarding an infection -a gluteal abscess- which went untreated and led to his fearing that his leg would have to be amputated; and that the defendants, both correctional counselors, "failed to seek adequate adjudication of this medical issue." **(Doc. 28, p. 12).**

Pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Proud submitted a Report on July 23, 2008. **(Doc. 100).** The Report addresses three motions (as well as several responses related to those motions): 1) a motion for summary judgment filed by Defendants Grubman, Goforth, and Howie **(Doc. 75)**, which Judge Proud recommends should be granted; 2) a motion for summary judgment filed by Defendant Chapman **(Docs. 76 & 77)**, which Judge Proud recommends should be granted; and a combined motion to dismiss defendants motions for summary judgment and Reinstate counts 1-13 and 15 **(Doc. 85)**, which Judge Proud recommends should be denied.

Under **Rule 73.1 of the Local Rules of the Southern District of Illinois**, parties have ten days in which to serve and file written objections to the Report "which shall specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." **SDIL-LR 73.1(b).** On August 8, 2008, Briggs filed objections to the Report. **(Doc. 102)**. On August 25, 2008, Defendants filed a response to Briggs'

2

objections.  **(Doc. 104)**.

### III. <u>Analysis</u>

Having filed an objection within the time granted by the Court, the Court considers this objection to be timely.  Therefore, this Court undertakes de novo review of the Report.  **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**.  The Court may "accept, reject or modify the recommended decision."  **FED. R. CIV. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made.  *Id*.

The Court notes that it is hard to ascertain from Brigg's objections exactly what his objections are.  **Rule 73.1 of the Local Rules of the Southern District of Illinois** provides that objections to the Report "shall *specifically identify* the portions of the proposed findings, recommendations, or reports to which objection is made and *the basis* for such objections."  **SDIL-LR 73.1(b)** (emphasis added).  Here, Plaintiff's objections fail to comply with **Rule 73.1** because he does not specifically identify the portions of the Report to which he is objecting or the basis for those objections.  Plaintiff offers various arguments in his objection to the report, but fails to adequately identify the specific portions of the Report he is objecting to, making determining what in the Report is actually being objected to difficult.  Therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court need not conduct de novo

3

review of the general objections, **Thomas v. Arn, 474 U.S. 140 (1985)**, but will. Plaintiff seems to be asserting five arguments which are discussed separately below.

**A.     Motion to Reinstate Counts 1-13 & 15.**

Plaintiff first seems to object to the denial of his "Combined Motion", particularly the denial of his motion to reinstate Counts 1-13 and Count 15 pertaining to Wexford Health Sources, Inc.. Plaintiff does not provide any basis for his objection. Rather, he objects to the fact that the Report only focused on Defendants Grubman, Goforth, Howie, and Chapman, and fails to acknowledge several defendants at the Pinckneyville and Lawrence Correctional Centers. **(Doc. 102 p. 3-10)**. Plaintiff is presumably referring to claims previously dismissed per 28 U.S.C. §1915A. Plaintiff then argues that the claims should be reinstated and seeks to argue the merits of the various dismissed claims. **(Doc. 102 p. 14-16)**.

The Court rejects this objection under the "law of the case" doctrine. According to the "law of the case" doctrine, "when an issue is once litigated and decided, that should be the end of the matter." **Gertz v. Robert Welch, Inc., 680 F.2d 527, 532 (7th Cir. 1982)**. As Judge Proud's Report accurately states, on November 7, 2006, the Court dismissed Counts 1-13, part of Count 15 pertaining to Wexford Health Sources, Inc., and Count 16 of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A as legally frivolous. **(*See* Doc. 30).** Under the "law of the case" doctrine, only Counts 14 and the remaining part of 15 are presently in this case.

Furthermore, Judge Proud's Report points out that Plaintiff filed the subject motion more than one year after the Court's order, precluding Plaintiff from arguing mistake, newly discovered evidence, or fraud. **Fed. R. Civ. P. 60(b).** In addition, the Report finds that Plaintiff asserts no particular error in that previous order. The Court agrees with both of these findings. Plaintiff fails to point out any particular error in the Court's order. As such, the Court finds that Judge Proud correctly denied Plaintiff's attempt to revive Claims 1-13 and part of Count 15.

**B.    Motions for Summary Judgment**

Plaintiff raises several objections to the Report's granting of summary judgment.

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(c);** *Oats v. Discovery Zone***, 116 F.3d 1161, 1165 (8th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).** The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Inc. Co.***, 123 F. 3d 456, 461 (7th Cir. 1997)(citing *Celotex*, 477 U.S. at 323).**

In reviewing a summary judgment motion, the court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. B. Executive Gallery, Inc.*, **877 F. Supp. 1114, 1124**

**(N.D. Ill. 1995)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)(citing** *Anderson b. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986))**. Summary judgment is appropriate only when the record as a whole established that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of IL, Inc.*, **209 F.3d 687, 692 (7th Cir. 2000).**

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, he must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *Walker v. Shansky*, **28 F.3d 666,670-71 (7th Cir. 1994),** *aff'd*, **51 F.3d 276 (citing** *Celotex*, **477 U.S. at 324)**. No issue remains for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson,* **477 U.S. at 249-50 (citations omitted);** *accord Strazenski v. City of Elkhart*, **87 F.3d 872, 880 (7th Cir. 1996);** *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks v. Samsung Heavy Indus. Co.*, **126 F.3d 926, 939 (7th Cir. 1997)**. Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. *Chiaramonte v. Fashion Bed Group, Inc.*,

**129 F.3d 391, 401 (7th Cir. 1997)**. However, when all the Court has before it are the diametrically opposed statements of the parties on the critical and ultimate issues of fact, the Court, is not in a position to make credibility findings, must pass the case to the next phase of litigation.

### 1. Plaintiff's Objection Based on Exhaustion of Administrative Remedies Regarding Goforth and Howie.

Plaintiff objects to the Report's finding that he failed to exhaust his administrative remedies regarding the claims against Goforth and Howie. Plaintiff once again alleges he made a "good faith" attempt to exhaust his administrative remedies, citing *Dole v. Chandler*. He seeks to elaborate on his "good faith" attempt, claiming now that he tried to mail his grievances to the Corrections Administrative Review Board. However, Plaintiff can not now introduce arguments that he failed to raise previously. **Republic Tobacco Co., v. North Atlantic Trading Company, 381 F.3d 717, 728 (7th Cir. 2004)**. The Court will not accept his attempt to introduce a new argument to contradict the Report.

Furthermore, Judge Proud's Report points out that Plaintiff misread the holding in *Dole v. Chandler* and merely asserts that he made a good faith effort to exhaust, but does not specify any impediment to his ability to exhaust, merely stating that he was in segregation at the time. The Report also finds no dispute that Plaintiff did not exhaust his administrative remedies in regards to Defendants Goforth and Howie. This Court agrees with Judge Proud's findings and therefore adopts the Report's recommendation to dismiss without prejudice Count 15 against Defendants

Goforth and Howie due to Plaintiff's failure to exhaust administrative remedies.

### 2. Summary Judgment as to Grubman

Plaintiff does not seem to object to the Report's granting of summary judgment as to Defendant Grubman on Count 14. With respect to Defendant Grubman, Judge Proud's Report found that Grubman had no authority to override the medical decisions of Plaintiff's dentist. Further, the Report found the evidence established that Grubman was not deliberately indifferent to Plaintiff's medical needs, but rather she did all within her power as administrator of the Health Care Unit by ordering that Plaintiff be reexamined. The Court agrees with and adopts the Reports recommendation granting summary judgment as to Defendant Grubman.

### 3. Summary Judgment as to Goforth and Howie.

Although this Court has adopted the Report and Recommendation as to Defendants Goforth and Howie on the basis of exhaustion, since the Report addressed other matters related to the motion for summary judgment as to Goforth and Howie, the Court will address those matters as well.

Although it is not exactly clear what Plaintiff is objecting to in regards to the grant of summary judgment, it seems that Plaintiff objects generally to the granting, in the alternative, of summary judgment as to Defendants Howie and Grubman. Plaintiff fails to point out a specific basis for objecting to the summary judgment as to Goforth and Howie; Plaintiff does not even point to an issue of material fact that Judge Proud's Report overlooked. Rather, Plaintiff continues to argue that Goforth and Howie knew that Plaintiff was experiencing a "[serious] existing medical

condition" and did nothing to ensure Plaintiff received proper care. **(Doc. 102 p. 11)**.

Despite the fact that the Court need not conduct de novo review, the Court concludes that Plaintiff has failed to offer any evidence to show Defendants Grubman and Howie were deliberately indifferent. Defendants are right that summary judgment is a "put up or shut up" moment in the lawsuit. **(Doc. 104);** ***Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)**. The nonmovant must put forth specific evidence showing a genuine issue of material fact. ***Walker*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276 (citing *Celotex*, 477 U.S. at 324)**. The Report found that Goforth and Howie were both correctional counselors at the Menard Correctional Center. The Report further acknowledges that neither Defendant has medical expertise and therefore must rely on Plaintiff's physician for course of treatment decisions which, under ***Johnson v. Doughty***, can insulate them from Eighth Amendment liability. ***Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006)**. Plaintiff has failed to produce any evidence contradicting those facts. Therefore, the Court agrees with the Report's alternative findings.

    **4.    Summary Judgment as to Chapman.**

Plaintiff also objects to the Report's granting of summary judgment for Defendant Chapman. Plaintiff claims that the Report ignored his complaints of bleeding gum lines and discomfort associated with a broken tooth and upper gum line. **(Doc. 102 p. 13)**.

9

Defendant Chapman seeks summary judgment on Count 14 as to the allegations that Defendant Chapman was deliberately indifferent to Plaintiff's serious medical needs, in relation to four upper front teeth which were missing crowns. **(*See* Doc. 28, p. 12; Doc. 28-2, p. 2; and Doc. 30, pp. 14-16).** Defendant Chapman argues that Plaintiff did not have a serious medical need and that Defendant Chapman was not deliberately indifferent. Plaintiff, in his response, argues that he has complained of periodontal disease and excessive plaque. **(Doc. 85, p. 8)**. Plaintiff also refers to a report from the Cook County Jail, alleging that the dentist clearly believed Plaintiff needed crown work. **(Doc. 85, p. 8; Doc. 85-4, p. 6-7).**

The Court finds that Plaintiff did not have a serious medical need nor was Defendant Chapman deliberately indifferent. Judge Proud's Report does acknowledge that records from the Cook County Jail indicate Plaintiff had bleeding gums, a popping jaw, loose or broken fillings, sensitivity to cold, and food between his teeth. **(Doc. 100, p. 13)**. However, records from the Illinois Department of Corrections and from his initial screening at Menard indicate Plaintiff was missing crowns; but his initial screening did not note an emergency situation. **(Doc. 75-3, p. 5; Doc. 77-2, p. 2; Doc. 75-3, p. 6)**. Dental pain, recession or bleeding gums, tooth deterioration and interference with eating could form the basis of an actionable claim. ***Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005)**. In this case, however, Judge Proud's Report correctly points out that Plaintiff suffers a lack of

proof. Defendant Chapman puts forth the only medical opinion and he states that no harm existed, but that Plaintiff could obtain crowns after his release. Plaintiff offers no evidence to the contrary. The reports from the Cook County Jail show only moderate periodontitis, but do not show a serious harm.

Furthermore, Defendant Chapman examined Plaintiff on several occasions, offering Plaintiff two courses of action. However, Plaintiff did not want to pursue those offered options; Plaintiff wanted crowns. A difference of medical opinion "regarding a patient's appropriate treatment [does] not give rise to deliberate indifference." **Estate of Cole Pardue v. Fromm, 94 F.3d 254, 256 (7th Cir. 1996)**. Here, Plaintiff offers no evidence to contradict this medical opinion. Therefore, the Court agrees with Judge Proud's Report and adopts the granting of summary judgment as to Defendant Chapman.

### 5. Plaintiff's Objections Based on Denial of Assistance of Court Appointed Expert.

Plaintiff further objects to the Report because he was denied the assistance of a court appointed expert and denied the issuance of a subpoena to a "Dentist Townsend." **(Doc. 102, p. 10-11)**. Although Plaintiff makes a vague request for a subpoena in the middle of his response **(Doc. 85, p. 8)**, the request (or denial of) was never discussed in Judge Proud's Report; therefore, it is inappropriate to raise this argument here.

That being said, nothing in 28 U.S.C. § 1915(a) permits the courts to shift the

cost of discovery to the Courts. *Leadbetter v. City of Fort Wayne*, No. 06-285, 2007 WL 2323109, at * 2 (N.D. Ind. Aug. 10, 2007) (citing *Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd Cir. 1993)(finding that the statute does not provide for deposition transcripts "or any other litigation expenses")). Furthermore, the *in forma pauperis* statute does not provide a waiver of witness fees. *McNeil v. Lowney*, 831 F.2d 1368 (7th Cir. 1987) (finding that the district court did not abuse its discretion by refusing to issue a subpoena to compel testimony from expert medical witnesses because there was no statutory authority to waive payment of witness fees). Even if Plaintiff's arguments were proper here, the Court's refusal to issue subpoenas in regards to "Dentist Townsend" is not sufficient to defeat the summary judgment motions or overturn the Report and Recommendation.

## IV. Conclusion

For the reasons set forth above the Court **ADOPTS** Judge Proud's Report (Doc. 100) in its entirety, **DENIES** Plaintiff's Combined Motion **(Doc. 85)**, **GRANTS** Defendant Chapman's motion for summary judgment **(Doc. 76)**, and **GRANTS** Defendants Grubman, Goforth, and Howie's motion for summary judgment **(Doc. 75)** in all respects, in that: 1) Count 15 against Defendants Goforth and Howie should be dismissed without prejudice for plaintiff's failure to exhaust administrative

remedies, and 2) Defendant Grubman is entitled to summary judgment on Count 14 as a matter of law. Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 22nd day of September, 2008.

/s/       David R Herndon

**Chief Judge
United States District Court**